UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------

WHAT DO YOU MEME LLC

        Plaintiff,

v.

GRUPO INTERNACIONAL VLLO

        Defendant.

-----------------------------------------

Civil Action No. 25-cv-6338

**COMPLAINT**

The Plaintiff, What Do You Meme LLC (hereinafter, "Plaintiff") by and for its complaint against Defendant, Grupo Internacional VLLO ("Defendant") hereby alleges and states:

**INTRODUCTION**

1. This is an action for Copyright Infringement, 17 U.S.C. § 101, et seq.

2. Plaintiff, What Do You Meme LLC is a limited liability company, located at 233 Spring Street, 5th Floor West, New York, New York 10013.

3. Upon information and belief, Grupo Internacional VLLO is a Mexican company with a principal place of business located at San Alberto 362, La Primavera CP 80199.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 17 U.S.C. 101.

5. This Court has personal jurisdiction over Defendant because Defendant regularly transacts, does, and solicits business in this judicial district, including by offering to sell,

1

or causing to be offered for sale, and/or selling products and/or services in this district, including the infringing products at issue in this lawsuit, and/or because Defendant has committed tortious acts within this jurisdiction and has caused injury to Plaintiff in this district as alleged further herein and because Defendant operates retail locations in this District. Furthermore, Defendant has consented to the jurisdiction of this Court under 17 U.S.C. § 512(g)(3)(D).

6. Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and Plaintiff resides in this District.

## FACTUAL BACKGROUND

**The Parties**

7. Founded in 2016 in New York City, Plaintiff is an entertainment consumer product company driven by the digital age and inspired by pop culture. Plaintiff's business focuses on products that customers can relate to — things that make people feel good, get them to hang out together, and just have a good time.

8. Plaintiff has a portfolio that features over 150 unique products, including a wide array of games, plush toys, outdoor products, blankets and microwavable plush heating pads.

9. On information and belief, Defendant is a Mexican company that operates an Amazon.com storefront under the trade name "Estuchelandia."

**Plaintiff's MENSTRUATION CRUSTACEAN Lobster Copyrights**

10. One of Plaintiff's successful product lines is its MENSTRUATION CRUSTACEAN branded plush heating pad.

11.     Plaintiff's MENSTRUATION CRUSTACIAN plush heating pads reached immediate success, generating millions of dollars of sales and thousands of positive reviews on online sales platforms.

12.     Through significant investment in marketing its MENSTRUATION CRUSTACEAN brand of plush heating pads, including spending hundreds of thousands of dollars in marketing and advertising, and generating tens of millions of consumer impressions on social media, Plaintiff has obtained wide public recognition and goodwill for this brand.

13.     Plaintiff's first, and most popular, MENSTRUATION CRUSTACEAN branded product is its "Lobster" character, depicted below ("Plaintiff's Lobster Heating Pad"):



14.     Since inception, a significant number of social media posts featuring Plaintiff's Lobster Heating Pad have gone viral, including several videos earning over 100,000 "likes", and one TikTok post earning over 500,000 "likes."

15.     Plaintiff is the copyright owner of several images depicting Plaintiff's Lobster Heating Pad ("Copyrighted Works").

16.     The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

17.     Plaintiff is the owner of valid and subsisting United States Copyright Registrations for Plaintiff's Lobster Heating Pad, including Registration Nos. VA 2-382-739 and VA 2-382-936 for the Copyrighted Works, issued by the United States Copyright Office, with an Effective Date of Registration of December 7, 2023 and January 3, 2024, respectively. Attached

3

as Exhibit A is a true and correct copy of the registration certificates for the Copyrighted Works.

**Defendant's Infringing Activities**

18. Defendant markets, offers for sale and sells a plush lobster heating pad (the "Infringing Product") on Amazon.com.

19. Copies of the Infringing Product, shown next to Plaintiff's Copyrighted Work, is depicted below:

| Plaintiff's Lobster Heating Pad | Defendant's Infringing Product |
|---|---|
| (image of orange plush lobster) | (image of orange plush lobster) |

20. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Lobster Heating Pad and intentionally copied the same to create the Infringing Product.

21. The Infringing Product is offered for sale throughout the United States, including into this judicial district, through online retailers such as Amazon.com.

22. That Defendant copied the Copyrighted Works when it created the Infringing Product is evidenced by the striking similarities between the Copyrighted Works and the Infringing Product, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted

4

Works in the United States and the numerous and substantial similarities between the parties' respective works.

23. Defendant copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

24. Defendant did not seek, and pay, for a license to use the Copyrighted Works.

25. After Defendant copied the Copyrighted Works to create the Infringing Works, it exploited the Infringing Works to promote its own products and increase its own sales, thereby securing a financial windfall for the unauthorized use of Plaintiff's property and rights.

26. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Infringing Works. Defendant has never accounted to, or otherwise paid, Plaintiff for its use of the Copyrighted Works.

27. On or about July 16, 2025, Plaintiff submitted a notice under the Digital Millenium Copyright Act to Amazon.com alleging that the Infringing Product violated Plaintiff's rights in the Copyrighted Works.

28. On or about July 22, 2025, Defendant submitted a counter-notice to Amazon.com under the Digital Millenium Copyright Act, disputing that the Infringing Product violated Plaintiff's rights in the Copyrighted Works, and consenting to the jurisdiction of this Court for any dispute relating to the same.

29. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

30. Defendant's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the Copyrighted Works

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

31. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

32. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

33. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works.

34. Plaintiff owns valid copyright registrations for the Copyrighted Works, attached as Exhibit A.

35. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Product, which is copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

36. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendant illegally to obtain profit therefrom.

37.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Product and products incorporating or embodying the Infringing Product, and an accounting of such profits.

38.     Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

39.     Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

40.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

41.     On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That judgment be entered against Defendant and finding Defendant has knowingly and willfully violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That judgment be entered against defendant granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

    (a) manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Products and any services, advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

    (b) reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Works; and

    (c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

3. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Product and any services, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

4.        That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the Infringing Product and any products, advertisements and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

5.        That Defendant, at its own expense, be ordered to recall the Infringing Product from any distributors, retailers, vendors, or others that have distributed the Infringing Product on Defendant's behalf, and any advertisements, products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Product or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6.        Awarding Plaintiff:

(a) Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Product or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

(c) should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

(d) Any enhancements of such damages permitted under law; and

(e) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505

or any other statute or law.

7. For a judgment awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

Respectfully Submitted,

By:    s/ Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum (JL-1971)
Jess M. Collen (JC-2875)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road
Purchase, New York 10577
Tel. (914) 941-5668
Fax. (914) 941-6091
jlindenbaum@rothwellfigg.com
*Attorneys for Plaintiff*

August 1, 2025